On July 17, 1943, at about one o'clock in the afternoon two automobiles collided at the corner of Amelia and Baronne Streets in New Orleans. A Ford, on its way out Amelia Street towards the lake side of the city, was being driven by its owner, Mrs. Owen Charles Heintz, and with her on the right front seat was the plaintiff, Miss Martha Eloise Lindsey. A Buick, owned by Edward G. Schlieder and driven by his chauffeur, Percy Gros, was going up Baronne Street.
Miss Lindsey sues Schlieder and Employers Liability Assurance Corporation, Ltd., alleged to be the liability insurance carrier of the said Schlieder, claiming damages in the sum of $260, and alleging that the accident resulted from negligence on the part of Gros, Schlieder's employee.
Schlieder and his insurance carrier deny that there was any negligence on the part of Gros.
There was judgment below in favor of defendants and plaintiff has appealed.
While the petition alleges that Employer's Liability Assurance Corporation, Ltd., is the liability insurance carrier of Schlieder that allegation is denied by defendants and there is no proof in the record to show whether this company or any other had issued a policy to the said Schlieder. The matter is of no importance however for the reason that we have reached the conclusion that there is no liability whatever in Schlieder and, consequently, no liability in his insurance carrier, if there was one.
On Amelia Street there was a "Slow" sign which faced Mrs. Heintz and plaintiff as they approached the intersection. The *Page 99 
Schlieder car approached the intersection from the right hand side of the Heintz Ford and, therefore, if the two cars reached the intersection at about the same time, the Buick was entitled to the right of way since the City Traffic Ordinance, which is in evidence, in Art. V, Par. 15, subsection (a) provides that:
"* * * When two vehicles enter an intersection at the same time the driver of the vehicle on the left should yield to the driver on the right."
Plaintiff charges that Gros, the operator of the Buick, was negligent in that he failed to keep a proper lookout; failed to blow his horn to give warning of his approach; was driving at an excessive speed; did not see the Heintz car approach and did not apply his brakes or, in fact, do anything to avoid the collision.
[1] Since it is well settled that the negligence of the driver of an automobile under such conditions as those which prevailed is not to be implied to a guest passenger, and since it is clear that there was no independent negligence in Miss Lindsey, it follows that even if Mrs. Heintz was negligent there could nevertheless be recovery by Miss Lindsey if Gros was guilty of any negligence which caused or contributed to the accident. He says that as he approached the intersection, he reduced the speed of the Buick from about 25 miles per hour to about 15 miles per hour and that, seeing no traffic on the intersecting street, sufficiently near to cause alarm, he proceeded to cross; that when he had reached the center of the intersection or was near the center, he noticed the Ford on his left about 5 or 10 feet away, and travelling at a speed of about 35 or 40 miles per hour. He says that the Ford hit the Buick on the left side near the front and that he realized that it was impossible to stop or to do anything to avoid the impact; that he allowed the Buick to roll forward, pulled it to the left side of the street and parked it some 50 or 60 feet beyond the intersection.
While there was a house on the intervening corner, all the witnesses agree that there was nothing to obstruct the view either way and that either driver could have seen the other vehicle at some distance from the corner.
Miss Lindsey and Mrs. Heintz both say that as they approached the intersection they observed the "Slow" sign but that since it was partially obscured, they could not tell whether it was a stop sign or merely required that the speed of their car be reduced and that they discussed this. Miss Lindsey says that Mrs. Heintz "came to a dead stop" before entering the intersection. Mrs. Heintz corroborates the testimony concerning the conversation regarding the sign but she says that though she did not come to a stop, she came "to practically a dead stop." Both Mrs. Heintz and Miss Lindsey insist that the Buick struck the Ford near the right front door and that this blow knocked Miss Lindsey from the Ford to the street.
The location of the damages sustained by the two automobiles is positive proof that the Ford hit the Buick. Mrs. Heintz was asked whether any damage had been sustained by the Buick and she said "We didn't see any damage to his car except a dent in one fender." Gros said that the damage sustained by the Buick was all on the left side near the front. On the other hand, the entire front of the Ford was severely damaged. Mrs. Heintz admitted that the car required a new radiator, a radiator grill and a new hood and that the headlights and the front axle were broken.
[2] We are convinced by the physical facts that the Buick entered the intersection first and that when it was already partially across the Ford entered, without stopping and at a fairly high speed, and crashed into the left side of the Buick. It also seems apparent, though there is no testimony on the point, that Mrs. Heintz attempted to swerve the Ford to the left to avoid the Buick, and the fact that the Buick proceeded on its way and thus pulled the Ford around to the left, was responsible for the location in which the Ford was found after the accident.
We see nothing whatever in the record to justify the conclusion that Gros, the driver of the Buick, was in any way at fault:
For these reasons the judgment appealed from is affirmed at the cost of appellant.
WESTERFIELD, J., absent, takes no part.
Affirmed. *Page 100